**Affirmed and Opinion Filed July 14, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01221-CV

### JOHN E. DEATON AND DEATON LAW FIRM, L.L.C., Appellants
### V.
### BARRY JOHNSON, STEVEN M. JOHNSON AND LAW OFFICES OF STEVEN M. JOHNSON, Appellees

**On Appeal from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-16-01668-A**

## MEMORANDUM OPINION
Before Justices Bridges, Lang-Miers, and Evans
Opinion by Justice Bridges

John E. Deaton and Deaton Law Firm, L.L.C. appeal the trial court's denial of Deaton's special appearance. In four issues, Deaton argues the trial court erred in denying his special appearance; a stipulation Deaton signed did not constitute "knowing" consent to jurisdiction in Texas; the stipulation did not bind Deaton to the forum-selection clause in an attorney representation agreement between Steven M. Johnson and the law offices of Steven M. Johnson (JLF) and Rickie Patton, a Louisiana resident; and the trial court did not have subject matter jurisdiction over the claims asserted by JLF. We affirm the trial court's order.

On April 27, 2007, Patton, a Louisiana resident, signed an attorney representation agreement retaining JLF as counsel in litigation involving claims against the manufacturer of the Kugel Mesh abdominal hernia patch. The representation agreement provided, in part, that it

"shall be construed in accordance with the laws of the State of Texas, and all obligations of the parties are performable in Tarrant County, Texas." The agreement specified that any disputes arising from the agreement would be resolved by final and binding arbitration conducted in Fort Worth, Texas. The agreement provided that associate counsel could be employed at the discretion and expense of JLF, and any attorney so employed might be designated to appear on Patton's behalf or undertake representation of Patton. All of JLF's attorney representation agreements contained the same clauses directing that the agreements were to be construed in accordance with Texas law; making all obligations performable in Tarrant County, Texas; and specifying that any disputes would be subject to binding arbitration in Fort Worth, Texas.

JLF initially filed Patton's case in federal court in Houston on December 18, 2007. JLF represented several hundred additional clients who had been implanted with the Kugel Mesh and litigated their cases in three separate courts for approximately eight years. The Kugel Mesh manufacturer was located in Rhode Island, and certain federal-filed cases were designated for multi-district litigation in United States District Court for the District of Rhode Island. JLF determined that some of the individual Kugel Mesh claims should be filed in state court in Rhode Island, and JLF associated Deaton to file these claims in Rhode Island state court. As JLF's local counsel in Rhode Island, Deaton represented JLF clients between 2007 and 2015. Patton's case was transferred to Rhode Island for pretrial proceedings as part of the multi-district litigation, after which it was to be transferred back to Houston for trial. Deaton offered to take Patton's case to trial in Houston, and JLF agreed to finance the case. Deaton signed a referral agreement with JLF in 2012. Deaton recommended that Patton's case be sent back to Houston for trial, and Deaton hired Houston CPA Dr. James Mandel to testify as an expert regarding Patton's economic losses due to his Kugel Mesh problems. Deaton had subpoenas issued by the court in Houston to obtain discovery and trial testimony from one of the Kugel Mesh

manufacturer's employees in Texas.  Before Patton's case went to trial, however, the court struck an expert report Deaton failed to file within the time allowed by the scheduling order, and the case did not proceed to trial due to lack of an expert.

In 2014, JLF negotiated a possible settlement of its state and federal cases with the Kugel Mesh manufacturer and hired Garretson Resolution Group to oversee the settlement.  Once the requirements for settlement were met, JLF set about preparing a stipulation establishing a qualified settlement fund and submitting the stipulation to the Rhode Island court and other counsel for signature so that the settlement could be funded.  Deaton refused to sign the settlement fund documents because his requests for information regarding the settlement were not answered to his satisfaction.  In October 2015, Deaton asserted a $1,000,000 lien on the settlement fund.  In November 2015, all but five of JLF's Kugel Mesh clients discharged Deaton.  Patton did not discharge Deaton but did discharge JLF.  Instead of withdrawing from the cases in which he had been discharged, Deaton filed a motion on behalf of "the plaintiffs" to compel settlement information from JLF.  Following a hearing, the judge in Rhode Island state court ultimately ordered the Kugel Mesh manufacturer to fund the settlement, provide settlement information to Deaton, and segregate $1,000,000 of the settlement funds.  The judge also ordered JLF to produce all of the Rhode Island clients' attorney representation agreements with JLF.

On April 12, 2016, Deaton signed a "stipulation as to non-disclosure of protected JLF attorney client information" which provided Deaton was considered associated counsel pursuant to the attorney representation agreements and agreed the representation agreements were protected by attorney client privilege and would "not be disclosed, shared or disseminated to any other person or entity."  To this sentence, Deaton added the following handwritten language: "not employed by the Deaton Law Firm."  The stipulation also provided as follows:

> John Deaton of the Deaton Law Firm was hired pursuant to the [attorney representation agreements] and authorized by the [attorney representation

agreements] to act as counsel for clients in the Superior Court of Rhode Island and the United States District Court for the District of Rhode Island, Deaton seeks the benefits of the [attorney representation agreements] contingency fee and to recover a portion of the contingent fee owed to JLF under the [attorney representation agreements] for the work he purports to have done as counsel pursuant to the authority to do so granted in the [attorney representation agreements].

Meanwhile, one of JLF's Kugel Mesh clients sued JLF in Tarrant County alleging causes of action against JLF and Deaton. JLF filed an answer and cross claim against Deaton.

On April 4, 2016, Barry Johnson, who worked with JLF in Texas on Patton's case, filed his original petition in this case against JLF and Patton seeking declaratory judgment regarding the parties rights, status, and legal relationships arising from the underlying representation agreement and an order compelling the parties to arbitrate all disputes between the parties, including legal malpractice claims asserted by Patton against Barry Johnson or JLF.

On April 12, 2016, JLF filed its original answer, petition for declaratory judgment, and cross claim against Deaton. JLF argued, among other things, Deaton breached his fiduciary duty to Patton and all other JLF clients for whom Deaton served as counsel; Deaton breached the Patton referral agreement; Deaton tortuously interfered with the attorney representation agreement between Patton and JLF; Deaton committed fraud by inducing JLF to enter into local counsel agreements and/or the Patton referral agreement, which Deaton did not intend to honor or fulfill. JLF also sought an order compelling arbitration.

On May 10, 2016, Deaton filed a special appearance in which he argued he is a Rhode Island resident, he is not licensed to practice law in Texas, and his law firm maintains only one office which is located in Rhode Island. Deaton alleged he did not have sufficient minimum contacts with Texas to confer jurisdiction on Texas courts. Even assuming he did have minimum contacts, Deaton argued, the exercise of jurisdiction over him in Texas would offend traditional

–4–

notions of fair play and substantial justice. The trial court denied Deaton's special appearance, and this appeal followed.

We first address Deaton's second and third issues arguing the stipulation Deaton signed did not constitute "knowing" consent to jurisdiction in Texas and the stipulation did not bind Deaton to the forum-selection clause in the attorney representation agreement between JLF and Patton. In his brief, Deaton asks this Court to first address this issue because the presence of a valid and enforceable forum-selection clause circumvents the need to conduct a due-process and minimum-contacts analysis because such a clause acts as consent to jurisdiction in the contracted-for forum, citing *Carlile Bancshares, Inc. v. Armstrong* No. 02-14-00014-CV, 2014 WL 3891658, at *5 (Tex. App.—Fort Worth Aug. 7, 2014, no pet.)

The plaintiff bears the initial burden of pleading sufficient allegations to bring a nonresident defendant within the personal jurisdiction of a Texas court. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). When this burden is met, the burden shifts to the nonresident to negate all bases of personal jurisdiction asserted by the plaintiff. *Id.* A defendant may negate jurisdiction on a legal basis by showing that even if the plaintiff's allegations are true, they do not establish jurisdiction. *Kelly v. General Interior Constr., Inc.*, 301 S.W.3d 653, 658 (Tex. 2010). A defendant may also negate jurisdiction on a factual basis by introducing evidence that rebuts the allegations in the pleadings. *Id.*

The determination of whether a court has personal jurisdiction over a defendant is a question of law. *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 414 S.W.3d 142, 150 (Tex. 2013). When, as in this case, the trial court does not issue findings of fact and conclusions of law, all facts necessary to support the judgment and supported by the evidence are implied. *BMC Software*, 83 S.W.3d at 795. When the appellate record includes the reporter's record and clerk's record, these implied findings are not conclusive and may be challenged for legal and factual

sufficiency. *Id.* When the trial court's findings are supported by sufficient evidence, or when the material facts are undisputed, we review the trial court's ruling on a special appearance de novo. *Baker Hughes Inc. v. Brooks*, 405 S.W.3d 246, 249 (Tex. App.—Houston [14th Dist.] 2013, pet. denied).

We review the validity and enforceability of a forum-selection clause under an abuse of discretion standard. *My Cafe–CCC, Ltd. v. Lunchstop, Inc.*, 107 S.W.3d 860, 864 (Tex. App.— Dallas 2003, no pet.); *Phoenix Network Techs. v. Neon Sys.*, 177 S.W.3d 605, 610 (Tex. App.— Houston [1st Dist.] 2005, no pet.). We review the trial court's interpretation of a contract containing a forum-selection clause de novo. *Phoenix*, 177 S.W.3d at 610. A forum-selection clause obtained through freely negotiated agreements does not offend due process, provided it is not unreasonable and unjust. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n. 14, (1985); *CNOOC S.E. Asia Ltd. v. Paladin Res. (SUNDA) Ltd.*, 222 S.W.3d 889, 894 (Tex. App.—Dallas 2007, pet. denied).

A consent to jurisdiction clause is one of several ways a litigant may consent to personal jurisdiction in a forum. *Alattar v. Kay Holdings, Inc.*, 485 S.W.3d 113, 117 (Tex. App.— Houston [14th Dist.] 2016, no pet.). If a litigant signs a contract containing such a clause, then that litigant either has consented to personal jurisdiction or waived the requirements for personal jurisdiction in the forum or forums within the scope of the clause. *Id.*

Here, Deaton represented JLF clients from 2007 until 2015. All of JLF's attorney representation agreements, including Patton's agreement with JLF, contained clauses directing that the agreements were to be construed in accordance with Texas law; making all obligations performable in Tarrant County, Texas; and specifying that any disputes would be subject to binding arbitration in Fort Worth, Texas. Deaton argues he was not a signatory to Patton's attorney representation agreement and the contracts that referred JLF cases to Deaton were

between only Deaton and JLF and were prepared in Rhode Island for execution by JLF. However, Deaton's attorney-client relationship with Patton was established by the attorney representation agreement. The agreement provided that JLF could employ associate counsel at the discretion and expense of JLF, and any attorney so employed might be designated to appear on Patton's behalf or undertake representation of Patton. This is what JLF did when it referred Patton's case to Deaton as local counsel. Thus, before Deaton signed the stipulation as to non-disclosure, Deaton was already "associate counsel" for Patton under the attorney representation agreement. The stipulation as to non-disclosure does, however, provide an additional basis for concluding Deaton knew he was hired pursuant to the attorney representation agreement between Patton and JLF and understood his position as "associate counsel" under the agreement. We conclude that, by undertaking to represent Patton as "associate counsel" under the attorney representation agreement and reaffirming his status by signing the stipulation as to non-disclosure, Deaton consented to personal jurisdiction in Texas under the terms of the attorney representation agreement. *See id.* We further conclude the trial court correctly denied Deaton's special appearance. We overrule Deaton's issues to the extent he argues the stipulation Deaton signed did not constitute "knowing" consent to jurisdiction in Texas and the stipulation did not bind Deaton to the forum-selection clause in the attorney representation agreement between JLF and Patton. Because of our disposition of these issues, we need not further address Deaton's issues.

We affirm the trial court's judgment.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

161221F.P05

–7–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOHN E. DEATON AND DEATON LAW
FIRM, L.L.C., Appellant

No. 05-16-01221-CV          V.

BARRY JOHNSON, STEVEN M.
JOHNSON AND LAW OFFICES OF
STEVEN M. JOHNSON, Appellee

On Appeal from the County Court at Law
No. 1, Dallas County, Texas
Trial Court Cause No. CC-16-01668-A.
Opinion delivered by Justice Bridges.
Justices Lang-Miers and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee BARRY JOHNSON, STEVEN M. JOHNSON AND LAW OFFICES OF STEVEN M. JOHNSON recover their costs of this appeal from appellant JOHN E. DEATON AND DEATON LAW FIRM, L.L.C..

Judgment entered July 14, 2017.